IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 8:12CV320 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT FOR** |
| $45,000.00 IN UNITED STATES | ) **FORFEITURE *IN REM*** |
| CURRENCY AND A 2001 ITASCA | ) |
| SUNCRUISER MOBILE HOME, | ) |
| VIN 5B4LP57G013332941, | ) |
| | ) |
| Defendants. | ) |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendants, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendants *In Rem*

2. The Defendant properties consist of $45,000.00 in United States currency and a 2001 Itasca Suncruiser Mobile Home, VIN 5B4LP57G013332941, seized from Hugo L. Soto on February 29, 2012, on westbound Interstate 80 in Lancaster County, Nebraska. They are presently in the custody of the U.S. Marshals Service at Omaha, Nebraska.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant properties pursuant to 28 U.S.C. § U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it is a conveyance used or intended to be used to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. The Defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and 3) money, negotiable instruments and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On February 29, 2012, at approximately 9:30 p.m., Nebraska State Patrol Trooper Derrick Kermoade conducted a traffic stop on a 2001 Itasca Suncruiser mobile home as it was

traveling westbound on Interstate 80 in Lancaster County, Nebraska. The traffic stop occurred at at approximately Mile Marker 397 and was occasioned by the driver's failure to properly signal a lane change. Hugo L. Soto was driving the vehicle, and is the registered owner. Mr. Soto was traveling with his cousin, his cousin's wife, and their child.

8. Mr. Soto told Trooper Kermoade he was traveling from Chicago, Illinois, to Riverside, California. He had lived in Illinois since 1998, but had recently moved to California; he opened a restaurant there approximately four months ago. The restaurant business was currently very slow, so he went back to Illinois, and had been there for one month. Mr. Soto purchased the RV in January, 2012, for $16,000.00, cash. He told Trooper Kermode it was either a 1996 or 1998 model; he planned to park it on a friend's ranch and live in it. Trooper Kermode asked Mr. Soto if there were any drugs, weapons or large amounts of currency in the motor home. Mr. Soto said none of those items were in the vehicle. Mr. Soto then gave the trooper written and verbal consent to search the motor home. Upon doing so, troopers found the Defendant currency, $45,000.00, cash. The money was in rubber-banded bundles, in a dopp kit secreted behind a drawer underneath the refrigerator. Troopers also found several shopping bags containing thousands of dollars of expensive, high-end clothing, most with the price tags still on them.

9. At the State Patrol Office in Lincoln, canine handler Toby Czapla conducted a discretionary sniff on the seized currency using his drug detector dog. The dog indicated to the odor of controlled substances coming from the money.

## Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant properties be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant properties be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the Defendant properties; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By: _____
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

VERIFICATION

STATE OF NEBRASKA     )
                      ) ss.
COUNTY OF DOUGLAS     )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 10th day of September, 2012.


GENERAL NOTARY - State of Nebraska
SHARLEEN ANN MAXWELL
My Comm. Exp. June 6, 2013

Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and that it be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney

5