IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:12cv00320 |
| | ) | |
| Plaintiff, | ) | ANSWER OF CLAIMANT; |
| | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| $45,000.00 IN UNITED STATES | ) | |
| CURRENCY AND 2001 ITASCA | ) | |
| SUNCRUISER MOBILE HOME, | ) | |
| VIN 5B4LP57G013332941, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

COMES NOW Hugo L. Soto, Claimant herein, by and through his attorney Matt Catlett, and for his Answer to Plaintiff's Complaint for Forfeiture ("Complaint") against Defendant states as follows:

1.  In response to Paragraph 1 of the Complaint, Claimant admits that this action is an action to forfeit property to the United States.  Claimant lacks sufficient knowledge to admit or deny that such action is brought for violations of 21 U.S.C. § 881.

2.  In response to Paragraph 2 of the Complaint, Claimant admits that the Defendant properties consist of $45,000.00 in United States currency, and a 2001 Itasca Suncruiser Mobile Home, VIN 5B4LP57G013332941.  Claimant admits that $40,000.00 in United States currency out of the Defendant $45,000.00 in United States currency was seized from him on February 29, 2012 on westbound Interstate 80 in Lancaster County, Nebraska.  Claimant admits that the Defendant 2001 Itasca Suncruiser Mobile Home, VIN 5B4LP57G013332941, was seized from him on February 29, 2012 on westbound Interstate 80 in Lancaster County, Nebraska.  Claimant lacks sufficient knowledge to admit or deny the present location of any of the Defendant

properties.

3.      In response to Paragraph 3 of the Complaint, Claimant denies that this Court has jurisdiction over this action under 21 U.S.C. § 881.  Claimant admits all remaining allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, Claimant lacks sufficient knowledge to admit or deny that all acts or omissions giving rise to the forfeiture occurred in this district.  Claimant admits that the seizure of the Defendant properties occurred in this district.

5.      In response to Paragraph 5 of the Complaint, Claimant lacks sufficient knowledge to admit or deny that all acts or omissions giving rise to the forfeiture occurred in this district.  Claimant admits that the seizure of the Defendant properties occurred in this district.

6.      In response to Paragraph 6 of the Complaint, Claimant denies each and every allegation contained therein.

7.      In response to Paragraph 7 of the Complaint, Claimant admits that on February 29, 2012 he was stopped while driving a 2001 Itasca Suncruiser westbound on Interstate 80 in Lancaster County, Nebraska, and admits that he is the registered owner of said 2001 Itasca Suncruiser.  Claimant lacks sufficient knowledge to admit or deny the identity of the person who stopped him, or the occasion for such stop.  Claimant denies that he was traveling with his cousin, cousin's wife, and their child, and affirmatively alleges that he was traveling with his *girlfriend's* cousin, *girlfriend's* cousin's wife, and their child.

8.      In response to Paragraph 8 of the Claimant, Claimant admits that he did speak to a member of law enforcement, but presently lacks sufficient information to admit or deny the identity of the member of law enforcement, or to admit or deny precisely what he said or did not say to the member of law enforcement, or to admit or deny precisely what the member of law

enforcement said or did not say to him. Claimant admits that one or more members of law enforcement searched his 2001 Itasca Suncruiser. Claimant lacks sufficient information to admit or deny what the one or more members of law enforcement discovered in his 2001 Itasca Suncruiser, as he was not present for the search, but admits that $40,000.00 in United States currency was seized from him.

9. In response to Paragraph 9 of the Complaint, Claimant lacks sufficient information to admit or deny the allegations contained therein.

## MOTION TO DISMISS

10. Claimant hereby moves the Court to dismiss the action on the basis that the Complaint does not, as required by Federal Rule of Civil Procedure G(2)(f), state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

## FIRST AFFIRMATIVE DEFENSE

11. The Complaint does not state facts sufficient to state a claim for forfeiture of Defendant property.

## SECOND AFFIRMATIVE DEFENSE

12. The Plaintiff lacked any probable cause for either the institution of this forfeiture suit, the seizure of the Defendant property or the forfeiture of the Defendant property.

## THIRD AFFIRMATIVE DEFENSE

13. The seizure and arrest of the Defendant property was made in violation of Claimant's rights under the Fourth Amendment to the United States Constitution and/or the Due Process Clause of the Fifth Amendment to the United States Constitution. Consequently, all the evidence seized and the fruits thereof must be suppressed.

FOURTH AFFIRMATIVE DEFENSE

14. The search of Claimant's 2001 Itasca Suncruiser by law enforcement, which search led to seizure of Defendant property, was made in violation of Claimant's rights under the Fourth Amendment to the United States Constitution and/or the Due Process Clause of the Fifth Amendment to the United States Constitution.  Consequently, all the evidence seized, and the fruits thereof, including any statements made by Claimant, must be suppressed.

FIFTH AFFIRMATIVE DEFENSE

15. The Defendant property was derived from legitimate activities and thus Claimant has an innocent possessory and/or ownership interest in said property.

SIXTH AFFIRMATIVE DEFENSE

16. This Court lacks jurisdiction over the subject matter of the Complaint and the Defendant property.

SEVENTH AFFIRMATIVE DEFENSE

17. The Complaint is barred by the applicable statute of limitations.

EIGHTH AFFIRMATIVE DEFENSE

18. Pursuant to the Due Process Clause of the United States Constitution and Plaintiff's statutory obligation to initiate this action from the time of discovery of any facts giving rise to its claim, Plaintiff is barred from bringing this forfeiture action by its unnecessary delay.

NINTH AFFIRMATIVE DEFENSE

19. Plaintiff's forfeiture claim is void and unenforceable as violative of the Untied States Constitution, in that the forfeiture of Claimant's interest in the Defendant property would amount to a cruel and unusual punishment, in violation of the Eighth Amendment to the

United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

20. Plaintiff's forfeiture claim is void and unenforceable as violative of the Untied States Constitution, in that the forfeiture of Claimant's interest in the Defendant property would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The stop of Claimant's 2001 Itasca Suncruiser, search of Claimant's 2001 Itasca Suncruiser, and subsequent seizure denied Claimant of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

### JURY DEMAND

Claimant hereby demands a trial by jury on all issues and defenses.

WHEREFORE Claimant Hugo L. Soto prays the Court will:

1. Dismiss Plaintiff's complaint and enter judgment on behalf of Claimant;

2. Order that all property seized, and the fruits thereof, be suppressed as evidence in this case, and order that all items seized from Claimant's possession, actual or constructive, be suppressed as evidence in this and any other proceeding;

3. Order that $40,000.00 in United States currency out of the Defendant $45,000.00 in United States currency, and the Defendant 2001 Itasca Suncruiser Mobile Home, VIN 5B4LP57G013332941, be released and surrendered to Claimant forthwith;

4. Deny issuance of certificate of probable cause pursuant to 28 U.S.C. § 2465, and award litigation costs and reasonable attorney fees to Claimant;

5. Award Claimant post-judgment interest as set forth in 28 U.S.C. § 1961;

  6.  Award Claimant interest paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest bearing account or instrument; and an imputed amount of interest that such currency instruments or proceed would have earned at the rate applicable to the 30-day Treasury Bill, for any period which no interest was paid.

  7.  Provide such other and further relief as this Court deems proper and just.

           HUGO L. SOTO, Claimant

     BY: s/ Matt Catlett
        Matt Catlett, #21699
        LAW OFFICE OF MATT CATLETT
        301 S. 13th Street, Suite 101
        Lincoln, Nebraska 68508
        Tel.: 402-435-0303
        Fax: 877-561-6399
        E-mail: matt@catlettlaw.com
        Attorney for Claimant

## CERTIFICATE OF SERVICE

  I hereby certify that on the 27th day of September, 2012, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Nancy A. Svoboda, Assistant United States Attorney.

          s/ Matt Catlett
          Matt Catlett, #21699
          LAW OFFICE OF MATT CATLETT
          301 S. 13th Street, Suite 101
          Lincoln, Nebraska 68508
          Tel.: 402-435-0303
          Fax: 877-561-6399
          E-mail: matt@catlettlaw.com
          Attorney for Claimant